# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10CR04004-LAB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |
| vs | |
| RAMON RIVAS-ARIAS, | |
| Defendant. | |

In 2011, this Court sentenced Ramon Rivas-Arias ("Rivas") to the mandatory minimum term of 120 months in custody following his guilty plea to importing 4.87 kilograms of actual methamphetamine into the United States. Rivas's sentence was based on the statutory mandatory minimum for the offense and not on a guideline range under the United States Sentencing Guidelines "(U.S.S.G.").[1] He's now filed a motion under 18 U.S.C. § 3582(c)(2) asking the Court to reduce his sentence.

Section 3582(c)(2) permits a court to reduce a defendant's original sentence when the sentence is "based on" a guideline range that has subsequently been lowered by an amendment to the Guidelines. After Rivas was sentenced, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing range for most drug offenses by 2 levels. The Commission also voted to make the changes retroactive.

///

---

[1] Rivas did not receive a departure for Substantial Assistance under U.S.S.G. 5K1.1.

But Amendment 782 has no application to Rivas' original sentence since his sentence resulted from a statutorily-required minimum sentence and was not "based on" the Guidelines. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, Slip op. at 12 (9th Cir May 2, 2017)*; United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (holding that a defendant whose sentence was based on the statutory mandatory minimum rather than on the Sentencing Guidelines was not entitled to a reduction under § 3582(c)(2)).

Rivas is not eligible for a sentence reduction under § 3582(c)(2); his motion is **DENIED.**

**IT IS SO ORDERED**.

DATED: May 30, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge